UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TESTOFEN MARKETING AND
SALES PRACTICES LITIGATION  MDL No. 2612


ORDER DENYING TRANSFER


**Before the Panel**: Plaintiffs in one action in the Central District of California (*Ryan*) move under 28 U.S.C. § 1407 to centralize this litigation in the District of Massachusetts.[1] This litigation currently consists of two actions pending in two districts, as listed on Schedule A. The actions involve marketing practices concerning nutritional supplements made with Testofen, a fenugreek seed extract, and in particular, defendants' representation that Testofen is clinically proven to boost free testosterone levels.

Plaintiffs in the District of Massachusetts action (*Camey*) oppose centralization and, alternatively, propose their district as the transferee court. All responding defendants[2] also oppose centralization and, alternatively, propose the Central District of California where an earlier related action was resolved.[3]

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. The two actions undoubtedly share some questions of fact concerning the efficacy of nutritional supplements containing Testofen in boosting free testosterone levels. But the scope of the two actions before the Panel are substantially different. *Ryan* alleges a broad scheme to defraud consumers that encompasses 22 products and 17 defendants, and alleges that the GNC and Gencor companies played substantial roles in the alleged misrepresentations. In contrast, *Camey* involves three products in a single product line (Test X180) manufactured by one defendant, Force

---

[1] The *Ryan* plaintiffs' motion for centralization proposed the Northern District of California, where the action was originally filed, as the transferee district. On February 19, 2015, that court transferred *Ryan* to the Central District of California under 28 U.S.C. § 1404(a). At oral argument, movants argued for centralization in the District of Massachusetts.

[2] Gencor Nutrients, Inc.; GE Nutrients, Inc.; Jith Veeravilli; General Nutrition Corporation; GNC Corporation; General Nutrition Centers, Inc.; S&G Properties, LLC; Direct Digital LLC; Force Factor LLC; PharmaFreak Holdings Inc.; Prevention, LLC; and Dreambrands, Inc.

[3] *O'Toole v. Gencor Nutrients, Inc.*, No. 14-03754, Order at 2 (C.D. Cal. July 23, 2014), *appeal docketed sub nom.*, *Bitton v. Gencor Nutrients, Inc.*, No. 14-56381 (9th Cir. Aug. 22, 2014).

-2-

Factor, LLC. On the record before the Panel, the limited overlap with respect to the marketing and sales practices of defendant Force Factor does not warrant centralization.

Additionally, there are only two actions in this docket. "[W]here only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiffs have not met this higher burden. The sole common defendant, Force Factor, LLC, is represented by the same counsel in both actions. Additionally, all responding parties represent that informal coordination will be sufficient to prevent duplicative discovery and ensure coordinated pretrial proceedings. In these circumstances, informal cooperation among the attorneys and coordination between the involved courts is both practicable and preferable to centralization. *See In re: Adderall XR (Amphetamine/Dextroamphetamine) Mktg., Sales Practices and Antitrust Litig.*, 968 F. Supp. 2d 1343, 1345 (J.P.M.L. 2013). Thus, we encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation § 20.14 (4th ed. 2004).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: TESTOFEN MARKETING AND
SALES PRACTICES LITIGATION                              MDL No. 2612

## SCHEDULE A

Central District of California

RYAN, ET AL. v. GENCOR NUTRIENTS, INC., ET AL., C.A. No. 2:15-01209

District of Massachusetts

CAMEY, ET AL. v. FORCE FACTOR LLC, C.A. No. 1:14-14717